# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                       |   |                        |
|-----------------------|---|------------------------|
| EARLENE RICKETTS,     | ) |                        |
|                       | ) |                        |
| Plaintiff,            | ) |                        |
|                       | ) |                        |
| v.                    | ) | C.A. No. N16C-06-218 CEB |
|                       | ) |                        |
| LONYA K. BROWN,       | ) |                        |
|                       | ) |                        |
| Defendant.            | ) |                        |

Date Submitted: September 28, 2017
Date Decided: December 20, 2017

***Upon Defendant's Motion to Dismiss and
Defendant's Motion to Quash Service of Complaint.***
**DENIED.**

## ORDER

Before the Court is Defendant's Motion to Dismiss and Defendant's Motion to Quash Service of Complaint. For the reasons set forth below, Defendant's Motions are **DENIED**.

1. Plaintiff Earlene Ricketts claims that on August 1, 2013, Defendant Lonya Brown—or at least someone driving Lonya Brown's car—struck Plaintiff's car, injured Plaintiff, and fled the scene. Plaintiff filed suit for personal injuries on June 27, 2016.

2. Along with her Complaint, Plaintiff filed a Praecipe, identifying Defendant's last known address as 260 Christiana Road, New Castle, Delaware.

Four days later, Plaintiff filed a motion to appoint O'Rourke Investigative Associates as special process server. That motion identified Defendant Brown's last known address as 518 Bayard Avenue, Apt. 2, Wilmington, Delaware, but further stated that the property was vacant and thus a special process server was needed. That motion was granted by the Court on July 19, 2016.

3. On September 26, 2016, Plaintiff filed a request for an enlargement of time in which to serve the Complaint. This request recited that service on the Defendant had been unsuccessful at both 260 Christiana Road and 518 Bayard Avenue. On October 11, 2016, the Court granted Plaintiff an additional 120 days to serve Defendant.

4. On November 18, 2016, Plaintiff filed an "Affidavit of Process Server" dated October 28, 2016, in which the process server swore that he had served "Aniya Wright" with the papers on October 28, 2016 at 7:30 a.m. at 87 Westside Court, Salem, New Jersey. The Affidavit stated that the recipient of the service was an eighteen-year-old female, five feet, seven inches tall, weighing 120 pounds with black hair and no glasses. The Affidavit stated that Aniya Wright is a "cotenant/niece" of Defendant.

5. Thereafter, there was a lull in the action, until March of 2017, when Defendant moved to dismiss the Complaint. But in this pleading, Defendant reveals

2

a wholly different action, filed in April, 2015[1] over the same car accident. Defendant says the complaint from that action was not served within the time allotted for service and leave was granted to extend the time. Apparently that complaint was never served—or even alleged to have been served—and according to the Defendant, it was "dismissed as a matter of law."

6.     The Court takes notice that there was indeed an action filed by Plaintiff against Defendant as well as Plaintiff's own insurance carrier for uninsured motorist coverage. That matter was defended by Plaintiff's insurance carrier, which sought to be dismissed on the grounds that there could be no uninsured motorist coverage unless and until it was established that Ms. Brown did not have coverage. Since Brown had not been served with the complaint, the insurer argued, the case should be dismissed. Judge Parkins dismissed Plaintiff's claims against Defendant Brown, saying "I find that the plaintiff has made no efforts to locate her [(Ms. Brown)]. The writ was returned, *non est*, in May of 2015, and it was not until after the defendant filed a Motion to Dismiss, a year later, that there were any efforts to relocate her."[2] That dismissal was without prejudice.

7.     This brings us back to the action at bar, which, it turns out, was filed about one month after Judge Parkins dismissed the claims against Defendant Brown

---

[1] *Ricketts v. Brown*, C.A. No. N15C-04-202.

[2] Tr. 5:21-6:2, D.I. 27, *Ricketts v. Brown*, C.A. No. N15C-04-202 (June 2, 2016).

3

in the original action, and about one year after the statute of limitations had expired. This gave rise to Defendant's Motion to Dismiss due to the expiration of the statute of limitations, which gave rise to Plaintiff's argument that the statute of limitations does not apply because 10 *Del. C.* § 8118 acts to "save" her Complaint despite the expiration of the statute of limitations. This means, in effect, that this action is barred unless the savings provision of section 8118 saves it.

8.      The Court might have greater sympathy for Defendant's argument were it not a matter settled several years ago. *Kaufman v. Nisky*[3] is a case whose facts are strikingly similar. In *Kaufman*, the Court had previously dismissed a complaint filed by plaintiff because she had not served it in the time contemplated by the rules. A few weeks later, and after the statute of limitations had expired, she refiled the complaint, this time effecting service of process. The defense moved to dismiss the later action on statute of limitations grounds and the plaintiff relied upon section 8118 to "save" her new complaint. In that case, the Court held that plaintiff's failure to serve process on defendant was "a technical albeit careless mistake" and "[a] complaint dismissed without prejudice is not usually decided on its merits and, when based on a technical deficiency, the Savings Statute applies.[4] According to the Court, since a dismissal under Delaware Superior Court Civil Rule 4(j) is "without

---

[3] 2011 WL 7062500 (Del. Super. Dec. 20, 2011).

[4] *Id.* at *3.

4

prejudice," it is not a dismissal "on the merits" and therefore it was a technical defect and could be remedied by the savings provision of section 8118.

9.      Plaintiff here raised this argument and cited *Kaufman v. Nisky* in its Response to Defendant's Motion to Dismiss. The Court granted Defendant leave to file a reply brief, which she did, which did not cite or discuss the holding in *Kaufman*. As the issue is controlled by a prior holding of this Court, and the Court is not here asked to reconsider or overrule a prior holding of this Court, the Court will not do so of its own accord. Therefore, Defendant's Motion to Dismiss on grounds of the statute of limitations is **DENIED**.

10.      We turn then to the question of whether the service made upon Aniya Wright on October 28, 2016 was effective within the meaning of Rule 4. As we understand what happened, Plaintiff hired O'Rourke Investigative Associates as a private process server, which conducted extensive research and surveillance in an attempt to serve Ms. Brown.[5]

11.      The efforts to locate Defendant brought the process server to a location in New Jersey. Finally, after staking out a residence at 87 Westside Court, Salem, New Jersey, the process server saw the woman described above and served her with the Complaint. At oral argument, defense counsel asserted that Defendant was not

---

[5] A chronicle of those efforts may be found at Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss, D.I. 20, Ex. G.

in fact residing at that location and had been there for a few months recuperating from surgery, but it was not her "usual place of abode" on the date of service.

12. Rule 4(f)(1)(I) provides that service may be made by "leaving copies thereof at that individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . ." Thus, the question presented is whether this service upon the Defendant's niece at a house in New Jersey at which Defendant may or may not have been currently residing is effective service under Rule 4.

13. When the issue was presented for oral argument, the Court noted that it had sworn affidavits from the owner of the process serving company and the Defendant herself (swearing that she did not live at the New Jersey location on the date of service), but no affidavit from the recipient of the service itself or the actual process server. In order to clarify the record, the Court requested affidavits from the actual parties to the service. The process server complied; the niece has not. The Court therefore accepts the process server's affidavit as uncontested.

14. According to the process server's affidavit, he approached Aniya Wright outside a residence in New Jersey. Ms. Wright identified herself as Defendant's niece. She confirmed that her aunt lived at the address and that she (Ms. Wright) was over 18 years of age. The process server gave her copies of the

Summons and Complaint and asked Ms. Wright to "make sure she gets these" to which Ms. Wright responded "Okay."[6]

15. As stated, Ms. Wright has not submitted a contrary affidavit. Defendant Brown has, however, filed an affidavit in March, 2017, declaring that the residence in New Jersey "is not her residence nor her address" and that the service attempted by the process server "was improper as Ms. Wright is a minor."

16. The Court credits the affidavit of the process server that Ms. Wright identified herself as being over 18 years of age (regardless of her actual age) and appeared to be such. The Court has no basis upon which to discredit the process server's affidavit that on the date service was attempted, Defendant was residing at the address in New Jersey and her niece correctly identified it as Defendant's residence on that date. The fact that it may not have been her residence 6 months later when she signed an affidavit is of no moment.

17. The Court therefore finds that service was effective as to the Defendant on October 28, 2016.

18. The only other matter raised by Defendant is an argument that she was not properly served under the Delaware Long Arm Statute, 10 *Del. C.* § 3104. But section 3104(d)(1) authorizes service outside this State "[b]y personal delivery in the manner prescribed for service within this State." Service at the "dwelling house

---

[6] Hefner Aff., D.I. 32.

or usual place of abode" upon someone "of suitable age and discretion then residing therein" is sufficient service under Rule 4(f)(1)(I). The Court finds that Aniya Wright was of suitable age and discretion and that her averment that Defendant resided at the residence where service was effected is sufficient evidence of same.

Having found that Defendant was properly served in October, 2016, Defendant's Motion to Quash Service of Complaint is **DENIED,** and Defendant shall answer the Complaint within 20 days of this Order.

**IT IS SO ORDERED.**

Judge Charles E. Butler